Alan D. Reitzfeld
Sarah G. Passeri
Holland & Knight LLP
31 West 52nd Street
New York, New York 10019
Tel.: (212) 513-3200
Fax: (212) 385-9010
*Attorneys for Defendant*
*Turk Hava Yollari A.O.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL GLEISSNER,<br><br>       Plaintiff,<br><br> – against –<br><br>TURK HAVA YOLLARI ANONIM ORTAKLIGI,<br><br>       Defendant. | Civil Action No. 16- |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Turk Hava Yollari Anonim Ortakligi (incorrectly sued herein originally as "Turkish Airlines, Inc.") (hereinafter, "THY") hereby gives notice of removal of the above captioned matter from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York. Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, the Court may and should take jurisdiction over this action for all purposes for the following reasons:

## UNDERLYING ACTION

  1. This action arises from an alleged cancellation of a flight from Catania, Italy to Hong Kong. *See* Verified Complaint attached as Exhibit A. According to the Verified Complaint, between August 25, 2016 and August 28, 2016, Plaintiff Michael Gleissner and his family were vacationing in Catania, Italy. *See id.*, ¶ 2. Plaintiff allegedly decided to extend his

vacation by four days (*id*, ¶ 9) and allegedly modified his itinerary to depart on September 1, 2016. *See id*, ¶ 10.  On August 28, 2016, Plaintiff allegedly received an email that his rescheduled flight plans were cancelled *See id*, ¶ 11.  Plaintiff allegedly was scheduled to return to oversee the production of a television show, RoboGirls, and he allegedly suffered "acute anxiety, nuisance and emotion distress" over the delay that would result if he could not return. *See id*, ¶ 17.

### DIVERSITY JURISDICTION

2.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) (diversity jurisdiction) and thus it is properly removed to this Court pursuant to 28 U.S.C. § 1441(b).  This action is properly removable to this Court by THY pursuant to 28 U.S.C. §§ 1332 and 1441(b) because it is a civil action between citizens of different states with an amount in controversy exceeding $75,000, exclusive of interest and costs.

<u>Complete Diversity Exists</u>

3.    Plaintiff is a U.S. citizen and resident of New York, New York. *See* Complaint, ¶ 3.

4.    Defendant THY is a foreign corporation organized under the laws of Turkey with its principal place of business in Istanbul, Turkey.[1]  *See id.*, Stipulation between Plaintiff and THY dated October 18, 2016 ("Stipulation") attached hereto as <u>Exhibit B</u>.

5.    Therefore, complete diversity of citizenship exists between Plaintiff and THY.

---

[1] Plaintiff incorrectly named "Turkish Airlines, Inc.," a New York Corporation, as opposed to "Turk Hava Yollari Anonim Ortakligi," a foreign corporation, in his Complaint. The undersigned (Sarah G. Passeri) advised counsel of this error, and the parties entered into a Stipulation, dated October 18, 2016, to "remove Turkish Airlines, Inc., a New York corporation, as the named defendant and to substitute in its place Turk Hava Yollari Anonim Ortakligi, a foreign corporation." *See* Stipulation (Ex. B). The Stipulation also amended Paragraph 3 of the Complaint to state that "Defendant, THY, is a foreign corporation duly established and existing under the laws of Turkey and authorized to do business in the State of New York." *Id.*

<u>The Amount In Controversy Exceeds $75,000</u>

6. The alleged basis of Plaintiff's claims is that THY cancelled Plaintiff and his family's flights. *See* Verified Complaint (Ex. A), ¶¶ 11. As a result, Plaintiff allegedly suffered "acute anxiety, nuisance and emotional distress." *Id.*, ¶ 17.

7. In the Complaint, Plaintiffs asserts two separate causes of action against THY for negligent infliction of emotional distress and nuisance, and seeks $100,000 in compensatory damages, as well as interests and attorneys' fees, costs, and disbursements. *See id.*, "Wherefore Clause," ¶¶ 1-3.

8. Accordingly, this case is properly removed pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

## TIMELINESS

9. Pursuant to 28 U.S.C. § 1446(b), a party has within thirty (30) days from receipt of the Summons and Complaint to file its Notice of Removal. 28 U.S.C. § 1446(b); *Carr v. Marriot Int'l, Inc.*, No. 11-8186, 2012 WL 1075160 (S.D.N.Y. Mar. 30, 2012). In this case, the Summons and Verified Complaint was served on Turkish Airlines, Inc. on September 22, 2016, and THY was substituted as a defendant on October 18, 2016.[2] *See* Affidavit of Service (Ex. A) and Stipulation (Ex. B). Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

---

[2] THY removed within 30 days of service on former defendant, Turkish Airlines, Inc. However, the action technically did not become removable until October 18, 2016, the date on which THY was substituted into the action as defendant. See 28 U.S.C. § 1446(3).

## STATE COURT PLEADINGS

10. Attached hereto as <u>Exhibit A</u>, collectively, are true and correct copies of all of the process, pleadings and orders in the State Court action.

## NOTICE TO STATE COURT AND PLAINTIFF OF REMOVAL

11. A copy of this Notice of Removal is being filed with the Supreme Court of the State of New York, County of New York and written notice is being provided to the Plaintiff pursuant to 28 U.S.C. § 1446(d).

## NON-WAIVER AND RESERVATION OF RIGHTS

12. In filing this Notice of Removal, THY reserves all of its defenses and does not waive any defenses that may be available to it, including, without limitation, the defense of lack of jurisdiction and, if applicable, defenses based on the Convention for the Unification of Certain Rules for International Carriage by Air, concluded at Montreal, Canada, May 28, 1999, reprinted in S. Treaty Doc. 106-45, 1999 WL 33292734 (commonly referred to as the "Montreal Convention").

**WHEREFORE**, defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI requests that the Supreme Court of the State of New York, County of New York proceed no further with the matter designated by the Verified Complaint attached hereto, and that this action be removed to this Court.

Dated: October 24, 2016
       New York, NY

       Respectfully submitted,

       HOLLAND & KNIGHT LLP

       By: _____
          Sarah G. Passeri
          Alan D. Reitzfeld
       31 West 52nd Street
       New York, NY 10019
       Tel: (212) 513-3200
       Fax: (212) 385-9010
       Email: sarah.passeri@hklaw.com
               alan.reitzfeld@hklaw.com

*Attorneys for Defendant*
*Turk Hava Yollari A.O.*