Alan D. Reitzfeld
Sarah G. Passeri
Holland & Knight LLP
31 West 52nd Street
New York, New York 10019
Tel.: (212) 513-3200
Fax: (212) 385-9010
*Attorneys for Defendant*
*Turk Hava Yollari A.O.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL GLEISSNER

                Plaintiff,

- against -

TURK HAVA YOLLARI ANONIM ORTAKLIGI,

                Defendant.

Civil Action No.: 1:16-cv-8287-JPO

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THY'S MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 2 |
|     POINT I THE COURT SHOULD SUMMARILY DENY PLAINTIFF'S REQUEST FOR ADDITIONAL TIME TO COMPLETE DISCOVERY | 2 |
|     POINT II PLAINTIFF FAILED TO MEET HIS BURDEN IN PROVING THAT PERSONAL JURISDICTION EXISTS OVER THY IN NEW YORK | 2 |
|         A. Plaintiff's Opposition Fatally Ignores Supreme Court Precedent, Which Is Dispositive On General Jurisdiction | 3 |
|         B. Plaintiff's Alleged Claim Arose Entirely Abroad And There Is No Connection To New York For Specific Jurisdiction Purposes | 5 |
|     POINT III THY PROPERLY REMOVED THE ACTION UNDER THE MONTREAL CONVENTION, WHICH APPLIES AND PREEMPTS HIS STATE-LAW CLAIM | 7 |
|         A. The Montreal Convention Governs And Preempts Plaintiff's State-Law Claim Premised Upon A Delay In Travel | 7 |
|         B. Plaintiff Has No Claim Against THY Under The Convention | 9 |
|     POINT IV ALTERNATIVELY, SUMMARY JUDGMENT SHOULD BE GRANTED AS TO PLAINTIFF'S EXTANT CLAIM FOR NIED | 9 |
| CONCLUSION | 10 |

## TABLE OF AUTHORITIES

**Cases**

*Alam v. Pakistan Int'l Airlines Corp.*,
 No. 92-cv-4356, 1995 WL 17201349 (S.D.N.Y. July 27, 1995)...............................8

*Amins v. Life Support Med. Equip. Corp.*,
 373 F. Supp. 654 (E.D.N.Y. 1974) ...........................................................................7

*Billy Jack for Her, Inc. v. N.Y. Coat, Suit, Dress, Rainwear, et al.*,
 511 F. Supp. 1180 (S.D.N.Y. 1981)......................................................................5, 7

*BNSF Railway Co. v. Tyrell, et al.*,
 137 S.Ct. 1549 (2017)..............................................................................................4

*Bristol-Myers Squibb Co. v. Superior Court of California*,
 137 S.Ct. 1773 (2017).....................................................................................5, 6, 7

*Brown v. Lockheed Martin Corp.*,
 814 F.3d 619 (2d Cir. 2016).....................................................................................3

*Cortlandt Street Recovery Corp. v. Deutsche Bank AG, London Branch*,
 No. 14-cv-1568, 2015 WL 5091170 (S.D.N.Y. Aug. 28, 2015) (Oetken, J.)............3

*D'Angelo-Fenton v. Town of Carmel*,
 470 F. Supp. 2d 387 (S.D.N.Y. 2007).......................................................................9

*Daimler AG v. Bauman*,
 134 S. Ct. 746 (2014).......................................................................................*passim*

*El Al Israel Airlines, Ltd. v. Tseng*,
 525 U.S. 155 (1999).................................................................................................8

*Forman v. Henkin*,
 134 A.D.3d 529 (1st Dep't 2015) ...........................................................................10

*Garcia v. Lawrence Hosp.*,
 5 A.D.3d 227 (1st Dep't 2004) ...............................................................................10

*Johnson v. State*,
 37 N.Y.2d 378 (N.Y. 1975) ....................................................................................10

*Kayvan Karoon, et al. v. Credit Suisse Group AG*,
 No. 15-cv-4643, 2016 WL 815278 (S.D.N.Y. Feb. 29, 2016) (Oetken, J.)..............5

*Minhas v. Biman Bangladesh Airlines*,
 No. 97-cv-4920, 1999 WL 447445 (S.D.N.Y. June 30, 1999) .................................8

*Paradis v. Ghana Airways*,
   348 F. Supp. 2d 106 (S.D.N.Y. 2004) ................................................................................ 8

*Ragland v. City of Mount Vernon*,
   No. 11-cv-1317, 2013 WL 4038616 (S.D.N.Y. July 12, 2013) .......................................... 10

*Sassouni v. Olympic Airways*,
   769 F. Supp. 537 (S.D.N.Y. 1991) ..................................................................................... 8

*Singh v. N. Am. Airlines*,
   426 F. Supp. 2d 38 (E.D.N.Y. 2006) .................................................................................. 8

*UTC Fire & Sec. Americas Corp. v. NCS Power, Inc.*,
   844 F. Supp. 2d 366 (S.D.N.Y. 2012) ................................................................................ 4

*Wahlstrom v. Metro-N. Commuter R. Co.*,
   89 F. Supp. 2d 506 (S.D.N.Y. 2000) ................................................................................ 10

*Walden v. Fiore*,
   134 S.Ct. 1115 (2014) ......................................................................................................... 6

*Weiss v. El Al Israel Airlines, Ltd.*,
   433 F. Supp. 2d 361 (S.D.N.Y. 2006) ................................................................................ 9

*Wiwa v. Royal Dutch Petroleum Co.*,
   226 F.3d 88 (2d Cir. 2000) ................................................................................................. 7

**Other Authorities**

Convention for the Unification of Certain Rules for International Carriage by Air,
   done at Montreal on May 28, 1999, ICAO Doc. No. 9740 (entered into force
   on Nov. 4, 2003), *reprinted in* S. Treaty Doc. No. 106–45, 1999 WL
   33292734 ...................................................................................................................... *passim*

N.Y. C.P.L.R. § 302 ................................................................................................................ 6

**PRELIMINARY STATEMENT**

Defendant Turk Hava Yollari Anonim Ortakligi ("THY") submits this reply memorandum in further support of its Motion for Summary Judgment. Plaintiff fails to raise a colorable basis for personal jurisdiction over THY in New York for a lawsuit involving *foreign parties* and a cause of action arising on *foreign soil*. Plaintiff ignores the controlling *Daimler* test, choosing instead to rely on the abrogated "continuous" and "systematic" contacts test and the "solicitation plus" test for evaluating general jurisdiction. These tests no longer apply. Under the controlling *Daimler* test, THY is not "essentially at home" in New York. With respect to specific jurisdiction, Plaintiff omits one critical piece of the analysis: the suit must *arise out of or relate to* THY's contacts with New York. Plaintiff's claim has no nexus to New York.

Because personal jurisdiction is lacking, the Court can dismiss immediately without reaching subject matter jurisdiction, which was improperly raised by Plaintiff for the first time in opposition to THY's Motion. THY removed this case *ten months ago*—Plaintiff failed to oppose until now. Plaintiff's claim is based entirely on a fear of delay experienced during international travel and falls squarely within the scope of the Montreal Convention (MC). Any argument that the MC does not apply is simply an effort to avoid a certain dismissal under Articles 19 or 33.

In a desperate attempt to avoid summary judgment, Plaintiff's counsel claims that he "thought" discovery was stayed. The Court ordered discovery; Plaintiff failed to serve initial disclosures or discovery requests. THY should not be prejudiced. Plaintiff does not have a claim against THY, even if state law governed. He withdrew his claim for nuisance, leaving one claim for NIED. Further discovery is unnecessary as Plaintiff fails to make even a prima facie showing of NIED. Moreover, he points to no material fact in dispute: nearly all facts set forth in the 56.1 Statement are uncontested.

# ARGUMENT

## POINT I
### THE COURT SHOULD SUMMARILY DENY PLAINTIFF'S REQUEST FOR ADDITIONAL TIME TO COMPLETE DISCOVERY

There was no misunderstanding with respect to discovery. This Court's instructions were clear: "Defense counsel shall file letter showing subject matter jurisdiction by 12/23/16. Otherwise the case will be remanded for lack of jurisdiction." *See* Dkt. Entry No. 14. Simultaneously, the Court entered a Scheduling Order and the parties engaged in discovery. Plaintiff does not dispute that: (1) THY served Initial Rule 26(a) Disclosures on December 21, 2016; (2) THY served discovery on Plaintiff on January 13, 2017; (3) Plaintiff responded to the discovery served by THY; and (4) On April 13, 2017, THY filed a status letter with the Court (per the Scheduling Order) that noted discovery closed and that it intended to move for summary judgment.

Based on these facts, it is inconceivable that Plaintiff's counsel believed discovery was stayed. If he did, he should have inquired prior to the close of discovery—not after THY moved for summary judgment. THY should not be penalized. Plaintiff's counsel dismissively claims "extreme prejudice" will result if he is not allowed to take discovery from THY (Pl. Opp at 2); however, he fails to articulate what discovery he needs. His request should be denied.[1]

## POINT II
### PLAINTIFF FAILED TO MEET HIS BURDEN IN PROVING THAT PERSONAL JURISDICTION EXISTS OVER THY IN NEW YORK

Plaintiff has failed to articulate a cognizable basis for subjecting THY to general jurisdiction or specific jurisdiction in New York.

---

[1] If the Court re-opens discovery, THY respectfully reserves its rights to move for dismissal on *forum non conveniens* grounds. Additionally, THY opposes any request by Plaintiff to amend his pleading at this late stage. Plaintiff has failed to articulate a reason for his in passing request, or describe the type of amendment he deems necessary.

### A. Plaintiff's Opposition Fatally Ignores Supreme Court Precedent, Which Is Dispositive On General Jurisdiction

Plaintiff premises his entire theory of general jurisdiction on an out-of-date standard setting forth the "doing business" test. *See* Pl. Opp. at 4. This test was *abrogated by* the Supreme Court's decision in *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014). As the Supreme Court explained in *Daimler*, the exercise of general jurisdiction over a foreign corporation is proper only where the corporation is "**essentially at home**" in the forum state. *Id.* at 761 (emphasis added). Noting that "[a] corporation that operates in many places can scarcely be deemed at home in all of them," the Court announced the near ironclad rule that a corporation is only "at home" in its place of incorporation and its principal place of business. *Id.* at 760.

The Second Circuit, following the U.S. Supreme Court, has adopted the "essentially at home" test for determining general jurisdiction. *See Brown v. Lockheed Martin Corp.,* 814 F.3d 619 (2d Cir. 2016); *also Cortlandt Street Recovery Corp. v. Deutsche Bank AG, London Branch*, No. 14-cv-1568, 2015 WL 5091170 (S.D.N.Y. Aug. 28, 2015) (Oetken, J.) (citing *Daimler* and discussing its limiting effect on New York's "doing business" test). THY is a Turkish corporation with its principal place of business in Istanbul, Turkey. *See* Ocal Decl., ¶ 3. Therefore, it is not "essentially at home" in New York.

Plaintiff does not expressly contest the "essentially at home" holding in *Daimler* or that THY is *not* "essentially at home" in New York. Indeed, any mention of *Daimler* or its exacting standard for general jurisdiction is notably absent from Plaintiff's Opposition. Instead, Plaintiff mistakenly suggests that: (1) THY's maintenance of a website and its operations of flights to New York mandates the finding of general jurisdiction over it; and (2) "Turkish Airlines, Inc." is an agent of THY and satisfies the *Landoil* standard by maintaining property, offices, and

employees in New York. Both arguments fail because they are premised upon an abrogated standard for determining general jurisdiction.

In support of his argument that an interactive website can confer general jurisdiction over a non-forum defendant, Plaintiff relies on an outdated "solicitation plus" standard and analyzes whether THY's forum contacts were "continuous" or "systematic". The "continuous" or "systematic" contacts standard was rejected by *Daimler* and the "solicitation plus" standard is no longer applicable. *See Daimler*, 134 S.Ct. at 760-61 ("Plaintiffs would have us . . . approve the exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business.' . . . That formulation, we hold, is unacceptably grasping."). The maintenance of a website that can be accessed by New York residents—which Plaintiff is not—does not confer general jurisdiction over THY. *See UTC Fire & Sec. Americas Corp. v. NCS Power, Inc.,* 844 F. Supp. 2d 366, 371 (S.D.N.Y. 2012) ("It is well-established that a website accessible to New York residents—even a website with interactive components—is insufficient to support general jurisdiction."). If it did, THY would be subjected to general jurisdiction in each of the 50 states—which was clearly not the intent of the Court in *Daimler*.

THY is registered to do business as a *foreign corporation* in New York, as well as in the other states in which it operates aircraft. That THY operates flights to and from New York and maintains a limited presence in New York does not satisfy the "essentially at home" test and is irrelevant to the general jurisdiction inquiry. *See Daimler*, 134 S.Ct. at 762, n. 20 ("the general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts … [a] corporation that operates in many places can scarcely be deemed at home in all of them."); *see also BNSF Railway Co. v. Tyrell, et al.*, 137 S.Ct. 1549, 1559 (2017) (finding no general jurisdiction where railroad defendant had over 2,000 miles of track, 2,000 workers, and 24

facilities in the forum state because its principal place of business and place of incorporation were elsewhere): *Kayvan Karoon, et al. v. Credit Suisse Group AG*, No. 15-cv-4643, 2016 WL 815278, at *3 (S.D.N.Y. Feb. 29, 2016) (Oetken, J.) (finding allegations that Swiss banks continuously engaged in business in New York insufficient to establish general jurisdiction).

Additionally, "Turkish Airlines" is *not* an agent of THY. It is merely an English translation for THY, *i.e.*, "Turk Hava Yollari Anonim Ortakligi". *See* Reply Declaration of Cenk Ocal, ¶ 5. THY operates flights to the U.S. pursuant to a *foreign* air carrier permit issued by the Federal Aviation Administration. *See id*. ¶ 11. When it began flying to the U.S., THY mistakenly registered to do business as a domestic corporation under its English translation. *See id*. ¶ 7. It promptly corrected this mistake and registered as a foreign corporation in New York under the name Turk Hava Yollari A.O. *See id*. ¶ 8. "Turkish Airlines, Inc." does not employ any individuals, own any property, own or operate any aircraft, or have any other corporate function. Plaintiff cannot make a colorable claim that it is an agent of THY. Moreover, an agency relationship does not establish general jurisdiction. *See Daimler*, 134 S.Ct. at 760.

For these reasons, THY is not subject to general personal jurisdiction in New York. Plaintiff did not contest that THY "is a corporation domiciled in Turkey with its principal place of business in Istanbul, Turkey." *See* Pl. 56.1, No. 3. Plaintiff does not therefore need any discovery with respect to general jurisdiction.

### B. Plaintiff's Alleged Claim Arose Entirely Abroad And There Is No Connection To New York For Specific Jurisdiction Purposes

Plaintiff's arguments on specific jurisdiction ignore one critical factor: Plaintiff's alleged cause of action has no connection whatsoever to New York. In order for a state to exercise specific jurisdiction the "the *suit* must arise out of or relate to the defendant's contacts with the *forum*." *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S.Ct. 1773, 1780 (2017);

*see also* N.Y. C.P.L.R. § 302 (a) ("as to a cause of action arising from any of the acts enumerated in this section … ."). Plaintiff mistakenly claims that the maintenance of an interactive website that has *the potential* of being accessed by a New York resident in New York is sufficient to confer specific jurisdiction over THY here. *See* Pl. Opp. at 10. He is wrong.

Plaintiff's lawsuit did not *arise out of or relate to* any contacts that THY may have to New York, including its website. *See Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014) (finding that the relationship necessary to support jurisdiction "must arise out of contacts that 'the defendant *himself* creates with the forum State"). Plaintiff did not even use THY's "interactive website" to book his travel—*he used Expedia*. *See* Compl., Ex. A; Ex. B. Moreover, it is undisputed that: (1) Plaintiff is a German citizen (*see* Pl. 56.1, No. 1); (2) Plaintiff is a permanent resident of Hong Kong (*see id.* No. 2); (3) Plaintiff purchased a ticket in Hong Kong (*see id.* No. 5); (4) Plaintiff's ticket was for international travel among Singapore, Turkey, Italy, and Hong Kong (*see id.* No. 4); and (5) Plaintiff allegedly made changes to his reservation *while in Italy*, which THY allegedly misapplied (*see id.* No. 8). The alleged harm to Plaintiff occurred in Italy—where Plaintiff was vacationing—and/or Hong Kong—Plaintiff's place of residence. Plaintiff did not suffer any harm in New York and "all of the conduct giving rise to [Plaintiff's] claims occurred elsewhere." *Bristol-Myers Squibb Co.*, 137 S.Ct. at 1782 (finding no specific jurisdiction where non-residents did not suffer any harm in the forum and where defendant did not distribute the alleged defective drug *to non-residents* in the forum). Because there is no nexus between Plaintiff's lawsuit and New York, specific jurisdiction is lacking.

### C. Fairness Favors The Dismissal Of This Action

As noted *supra*, under the governing Supreme Court precedent of *Daimler* and *Bristol-Myers Squibb Co.,* Plaintiff cannot meet the threshold requirements for general and specific

jurisdiction, so no further analysis is required. Nevertheless, the Supreme Court made clear that the "primary concern" in determining personal jurisdiction is "the burden on defendant." *Id.* at 1776. Here, there is a great burden on a foreign defendant to be hailed into a foreign forum for a controversy that occurred entirely on foreign soil. New York has no interest in this lawsuit: Plaintiff *does not even reside* in New York.[2]

## POINT III
### THY PROPERLY REMOVED THE ACTION UNDER THE MONTREAL CONVENTION, WHICH APPLIES AND PREEMPTS HIS STATE-LAW CLAIM

THY did not "in one swoop overbroad stroke" attempt to apply the MC, as Plaintiff suggests. Pl. Opp. at 14. To the contrary, on December 21, 2016, THY filed a five-page letter detailing the MC's application. THY then submitted a status report on April 13, 2017 addressing its anticipated motion for summary judgment. Plaintiff did *nothing* in response to either filing. Even if removal was improper, the Court may still dismiss because neither the New York Federal nor the State courts have personal jurisdiction over THY. *See Amins v. Life Support Med. Equip. Corp.*, 373 F. Supp. 654, 656 (E.D.N.Y. 1974) ("If the court lacks subject-matter jurisdiction only, a remand to the State court is appropriate. However, if the defect is one of personal jurisdiction … dismissal is appropriate."); *Billy Jack for Her, Inc. v. N.Y. Coat, Suit, Dress, Rainwear, et al.*, 511 F. Supp. 1180, 1188 (S.D.N.Y. 1981) (noting that a case in federal court should be dismissed, rather than remanded, where the underlying state court lacks jurisdiction).

### A. The Montreal Convention Governs And Preempts Plaintiff's State-Law Claim Premised Upon A Delay In Travel

As set forth in detail in THY's letters to the Court and its Motion, where a plaintiff's claims fall within the scope of the MC, its terms and conditions govern the action and preclude

---

[2] The cases cited by Plaintiff for the proposition that his choice of forum should be afforded substantial difference involve claims of intentional torts. *See, e.g., Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88 (2d Cir. 2000) (human rights violations). This is not the case here. Plaintiff's claims against THY are frivolous and lack any merit.

7

the plaintiff from bringing claims outside those terms and conditions. *See El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 175 (1999); *see also Singh v. N. Am. Airlines*, 426 F. Supp. 2d 38, 44-45 (E.D.N.Y. 2006) (interpreting *Tseng* as authorizing complete preemption). Plaintiff's claim falls squarely within the MC because: (1) his contract of carriage provided for "international transportation" within the meaning of the MC, and (2) Article 19 governs his state-law claim, which is premised upon THY's alleged cancellation of his flight and his fear of being delayed. *See, e.g., Paradis v. Ghana Airways*, 348 F. Supp. 2d 106, 112 (S.D.N.Y. 2004) (plaintiff's state law claims for "fear of being stranded" arising from carrier's cancellation of his flight were preempted by the Montreal or Warsaw Convention). THY's Motion cited numerous analogous cases demonstrating preemption[3]—Plaintiff fails to distinguish these cases. He also fails to reference any authority for the proposition that his claims fall outside of the treaty.

That Plaintiff asserted a "traditional tort claim" does not take his claim outside of the MC. The gravamen of Plaintiff's Complaint is delay: "Faced with the possibility of not being able to return to Hong Kong in time … Mr. Gleissner suffered acute anxiety, nuisance and emotional distress, as any *delay* in his return would have resulted in tremendous economic loss …". Compl. ¶ 17 (*see also* ¶¶ 21 and 26). Recognizing this, Plaintiff now tries to amend his pleading (without a declaration from Plaintiff or any admissible proof) to assert a "fear of being bumped" from the flight. Pl. Opp. at 18. Bumping versus delay is a distinction without a difference. This Court has repeatedly found both types of claims preempted by the applicable Convention. *See supra*, fn. 2. The cases cited by Plaintiff that found "bumping" claims to be outside the scope of

---

[3] *See also Minhas v. Biman Bangladesh Airlines,* No. 97-cv-4920, 1999 WL 447445 (S.D.N.Y. June 30, 1999) (Convention governed passengers' claims when she was bumped from her return flight from India to New York); *Alam v. Pakistan Int'l Airlines Corp.*, No. 92-cv-4356, 1995 WL 17201349 (S.D.N.Y. July 27, 1995) (plaintiff's claim for damages arising when plaintiffs' reservations were unexpectedly canceled and airline refused to endorse ticket to another airline governed by Article 19); *Sassouni v. Olympic Airways,* 769 F. Supp. 537, 538 (S.D.N.Y. 1991) (passenger's claims were governed by the Warsaw Convention when she was bumped from a flight and forced to take a substitute flight).

the MC involved breach of contract claims for non-performance by the airline.[4] Here, there is no dispute that THY transported Plaintiff, as scheduled. And, there is no breach of contract claim. That Plaintiff seeks damages for mental distress—which are not recoverable under the MC absent physical injury—does not imply that his claims falls outside the MC.

### B. Plaintiff Has No Claim Against THY Under The Convention

As set forth in THY's Motion, Plaintiff brought this action in New York, which is not one of the five potential fora set forth in Article 33 of the MC. Plaintiff does not dispute this. Accordingly, the Court must dismiss the case for lack of subject matter jurisdiction.

Even if the forum was proper, Plaintiff does not contest he cannot prove a claim under Article 19 of the MC because he suffered no physical injury or compensatory damages. For this reason, and for the reasons stated in THY's Motion, summary judgment is appropriate.

## POINT IV
## ALTERNATIVELY, SUMMARY JUDGMENT SHOULD BE GRANTED AS TO PLAINTIFF'S EXTANT CLAIM FOR NIED

Plaintiff has conceded that he has no claim for nuisance against THY. In the event that jurisdiction was proper in New York and the MC did not apply, Plaintiff's remaining claim for NIED must be dismissed as a matter of New York law because he will be unable to meet his burden of proof. *See D'Angelo-Fenton v. Town of Carmel*, 470 F. Supp. 2d 387, 400 (S.D.N.Y. 2007) (NIED is cognizable only in "extremely limited" circumstances).[5]

Plaintiff concedes that he cannot determine whether THY owed him a direct duty, as required: *See* Pl. Opp at 21. He suggests that "it is reasonable to *posit* that as a customer and passenger, Plaintiff was owed a direct duty by THY". At this stage, "positing" is not enough.

---

[4] *See Weiss v. El Al Israel Airlines, Ltd.,* 433 F. Supp. 2d 361, 369 (S.D.N.Y. 2006) (airline failed to provide transportation to passenger and his claims were therefore one for non-performance of contract, not bumping).
[5] If this case is not dismissed on summary judgment, THY reserves the right to rely on foreign law as preserved in its Answer. *See* Dkt. Entry No. 9.

9

Because Plaintiff cannot identify a "special duty", he cannot state a claim for NIED, much less meet his burden of proof necessary to overcome summary judgment.[6] *See Ragland v. City of Mount Vernon*, No. 11-cv-1317, 2013 WL 4038616, at *3 (S.D.N.Y. July 12, 2013) (requiring admissible proof of duty); *see also Wahlstrom v. Metro-N. Commuter R. Co.,* 89 F. Supp. 2d 506, 531 (S.D.N.Y. 2000) (dismissing NIED claim where plaintiff had "not alleged any special duty owed to her by [Defendant] 'other than the duty to obey the law'").

Additionally, Plaintiff concedes he has no physical injury. *See* Pl. 56.1, No. 13. His only claimed injury is for emotional distress and attorneys' fees (which are not recoverable). Plaintiff fails to submit any declarations of himself or his doctor's or any other proof of "genuine or serious mental distress" or objective evidence of psychiatric harm. *See Luna,* 676 F. Supp. 2d at 206 ("uncorroborated testimony of upsetness" is insufficient). Plaintiff asks the Court to imply his emotional injury and references exceptional cases of extreme and egregious conduct—such as the death of a newborn child and mishandling of a corpse.[7] These facts are not present here. Plaintiff likewise fails to present any evidence of fear for physical safety. Accordingly, summary judgment is proper.

## CONCLUSION

WHEREFORE, Defendant Turk Hava Yollari Anonim Ortakligi respectfully requests that this Court enter summary judgment in its favor dismissing Plaintiff's Complaint in its entirety.

---

[6] Plaintiff's request for discovery on "special duty", which is a pleading requirement, is improper. *See Forman v. Henkin*, 134 A.D.3d 529, 530 (1st Dep't 2015).
[7] *See Garcia v. Lawrence Hosp.*, 5 A.D.3d 227, 228 (1st Dep't 2004) (new mother was negligently administered sedatives while breast feeding, causing her to smother her newborn child); *Johnson v. State*, 37 N.Y.2d 378, 382 (N.Y. 1975) (the negligent mishandling of a corpse).

Dated: New York, New York
July 25, 2017

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: _____
    Alan D. Reitzfeld
    Sarah G. Passeri
31 West 52nd Street
New York, New York 10019
Tel.:   (212) 513-3200
Fax:   (212) 385-9010
alan.reitzfeld@hklaw.com
sarah.passeri@hklaw.com

*Attorneys for Defendant*
*Turk Hava Yollari A.O.*