UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL GLEISSNER

                      Plaintiff,

     - against -

TURK HAVA YOLLARI ANONIM
ORTAKLIGI,

                      Defendant.

Civil Action No.: 1:16-cv-8287-JPO

## REPLY DECLARATION OF CENK OCAL
## IN FURTHER SUPPORT OF THY'S MOTION FOR SUMMARY JUDGMENT

I, Cenk Ocal, being duly sworn, deposes and says:

1. I am a General Manager for Turk Hava Yollari ("THY") and am located in THY's office at 350 5th Avenue, Suite 7510, New York, NY 10118.

2. I have knowledge of the statements set forth herein based upon my personal knowledge and, among other things, a review of THY's relevant business records.

3. THY is a corporation organized and existing under the laws of the Republic of Turkey. It has its principal place of business in Istanbul, Turkey.

4. THY is registered as "Turk Hava Yollari Anonim Ortakligi" in Turkey.

5. "Turkish Airlines, Inc." is the English translation of "Turk Hava Yollari Anonim Ortakligi":

    a. Turk = **Turkish**

    b. Hava = **Air**

    c. Yollari = **Lines**

    d. Anonim Ortakligi = **Incorporated**

6. THY employs its English translation "Turkish Airlines, Inc." in the United States.

7. THY started flying to the United States in 1988. At that time, THY mistakenly registered to do business in the State of New York as a domestic corporation. In 1994, it

corrected this issue by registering to do business as Turk Hava Yollari A.O.

8. Turk Hava Yollari A.O. is currently registered in the State of New York as a foreign corporation licensed to do business in the State of New York.

9. THY failed to dissolve "Turkish Airlines, Inc.". However, "Turkish Airlines, Inc." does not employ any individuals, own any property, own or operate any aircraft, or have any other corporate function. Accordingly, "Turkish Airlines, Inc." is not an agent of THY.

10. Instead, "Turkish Airlines, Inc." was intended to be an English translation of THY.

11. THY has a *foreign* air carrier permit issued by the Federal Aviation Administration, which lists its name as "Turkish Airlines (Turk Hava Yollari A.O)". Attached as **Exhibit A** is a true and correct copy of the Foreign Air Carrier Permit Application of THY and the corresponding permit issued by the FAA.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 21ST day of July 2017 in NewYork, New York.

By: _____
CENK OCAL

# EXHIBIT A

*Foreign Air Carrier Permit Application of*

## TURKISH AIRLINES (TURK HAVA YOLLARI A.O.)
Docket OST-97-2407

**Flag:** Turkey

**Federal Register Notice:** 62 FR 25686, May 5, 1997

**Filing Date:** April 29, 1997, as supplemented January 29 and April 9, 1998

**Authority Sought:** Initial foreign air carrier permit to engage in scheduled foreign air transportation of persons, property and mail between Turkey and the coterminal points New York, New York, and Chicago, Illinois, either nonstop or via the intermediate points Brussels and Amsterdam; and to conduct charters subject to the Department's regulations.

**Pleadings:** No answers were filed.

**Public Interest:** The U.S.-Turkey Air Transport Agreement, as amended by a 1991 Memorandum of Understanding, provides for the authority sought. Turkish Airlines has been designated by the Government of Turkey under the Agreement to conduct these operations.

**Fitness:** Turkish Airlines, founded in 1933, commenced scheduled services to the United States in 1988, and holds exemption authority to conduct the requested service (*see* Dockets OST-96-1041 and OST-97-2701). The carrier is properly licensed by its homeland. The record indicates that during the past five years, Turkish Airlines has been involved in one accident resulting in fatalities. The carrier, however, was not cited by its government for any safety violations in connection with the accident. FAA has advised us that it finds no basis to recommend unfavorable action on Turkish Airlines' application. The carrier has experienced management and appears financially sound:

| **Financial Indicators** ($ millions) as of: | 12/31/96 | 12/31/95 |
|---|---|---|
| Total Assets | $815.4 | $862.8 |
| Total Liabilities | 388.2 | 438.5 |
| Owners' Equity | 427.2 | 424.3 |
| Net Profit (year ending) | 92.3 | 8.0 |

DOT verifies compliance with 14 CFR 203 (Warsaw liability waiver), 205 (insurance requirement, and 129 (FAA operations specifications).

**Ownership and Control:** Turkish Airlines is wholly owned and controlled by the Government and citizens of Turkey.

Issued By
Order 98-6-23

UNITED STATES OF AMERICA
DEPARTMENT OF TRANSPORTATION
OFFICE OF THE SECRETARY
WASHINGTON, D.C.

---



*PERMIT TO FOREIGN AIR CARRIER*

---

## TURKISH AIRLINES (TURK HAVA YOLLARI A.O.)

A Flag Carrier of Turkey

is authorized, subject to the following provisions, the provisions of Title 49 of the U.S. Code and the orders, rules, and regulations of the Department of Transportation, to engage in scheduled foreign air transportation of persons, property and mail, as follows:

> **Between any point or points in Turkey; via the intermediate points Amsterdam, The Netherlands, and Brussels, Belgium; and the coterminal points New York, NY, and Chicago, IL.**

The holder shall also be authorized to engage in charter trips in foreign air transportation, subject to the terms, conditions, and limitations of the Department's regulations governing charters.

This permit and the exercise of the privileges granted in it shall be subject to the terms, conditions and limitations in both the order issuing this permit and the attachment to this order, and to all applicable provisions of any treaty, convention or agreement affecting international air transportation now in effect, or that may become effective during the period this permit remains in effect, to which the United States and the holder's homeland are or shall become parties.

This permit shall be effective on June 19, 1998. Unless otherwise terminated at an earlier date pursuant to the terms of any applicable treaty, convention or agreement, this permit shall terminate (1) upon the dissolution or liquidation of the holder to whom it was issued; (2) upon the effective date of any treaty, convention, or agreement or amendment, which shall have the effect of eliminating the bilateral right for the service authorized by this permit from the service which may be operated by airlines designated by

the Government of Turkey (or, if the right is partially eliminated, then the authority of this permit shall terminate in like part); (3) upon the effective date of any permit granted by the Department to any other carrier designated by the Government of Turkey in lieu of the holder; or (4) upon the termination or expiration of the applicable air services agreement between the United States and Turkey. However, clause (4) of this paragraph shall not apply if prior to such termination or expiration, the foreign air transportation authorized herein becomes the subject of another treaty, convention or agreement to which the United States and Turkey become parties.

The Department of Transportation has executed this permit and affixed its seal on June 19, 1998.

By:


**CHARLES A. HUNNICUTT**
Assistant Secretary for Aviation
and International Affairs


(SEAL)

# CONDITIONS OF AUTHORITY

ATTACHMENT
Docket OST-97-2407

In the conduct of the operations authorized, the holder shall:

(1) Not conduct any operations unless it holds a currently effective authorization from its homeland for such operations, and it has filed a copy of such authorization with the Department;

(2) Comply with all applicable requirements of the Federal Aviation Administration, including, but not limited to, 14 CFR Parts 129, 91, and 36;

(3) Comply with the requirements for minimum insurance coverage contained in 14 CFR Part 205, and, prior to the commencement of any operations under this authority, file evidence of such coverage, in the form of a completed OST Form 6411, with the Federal Aviation Administration's Program Management Branch (AFS-260), Flight Standards Service (any changes to, or termination of, insurance also shall be filed with that office);

(4) Not operate aircraft under this authority unless it complies with operational safety requirements at least equivalent to Annex 6 of the Chicago Convention;

(5) Conform to the airworthiness and airman competency requirements of its Government for international air services;

(6) Comply with the requirements of 14 CFR Part 203, concerning waiver of Warsaw Convention liability limits and defenses;

(7) Agree that operations under this authority constitute a waiver of sovereign immunity, for the purposes of 28 U.S.C. 1605(a), but only with respect to those actions or proceedings instituted against it in any court or other tribunal in the United States that are:

> (a) based on its operations in international air transportation that, according to the contract of carriage, include a point in the United States as a point of origin, point of destination, or agreed stopping place, or for which the contract of carriage was purchased in the United States; or
>
> (b) based on a claim under any international agreement or treaty cognizable in any court or other tribunal of the United States.

In this condition, the term "international air transportation" means "international transportation" as defined by the Warsaw Convention, except that all States shall be considered to be High Contracting Parties for the purpose of this definition;

(8) Except as specifically authorized by the Department, originate or terminate all flights to/from the United States in its homeland;

(9) Comply with the requirements of 14 CFR Part 217, concerning the reporting of scheduled, nonscheduled, and charter data;

(10) If charter operations are authorized, comply with the Department's rules governing charters (including 14 CFR Parts 212 and 380); and

(11) Comply with such other reasonable terms, conditions, and limitations required by the public interest as may be prescribed by the Department, with all applicable orders or regulations of other U.S. agencies and courts, and with all applicable laws of the United States.

This authority shall not be effective during any period when the holder is not in compliance with the conditions imposed above. Moreover, this authority cannot be sold or otherwise transferred without explicit Department approval under Title 49 of the U.S. Code (formerly the Federal Aviation Act of 1958, as amended).

(41301/40109) 12/96